J-A11008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANITA LUI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY J. ZUKOS JR. | : | |
| | : | |
| Appellant | : | No. 1233 MDA 2019 |

Appeal from the Order Dated June 26, 2019
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2018-5451

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: MAY 27, 2020**

Stanley J. Zukos, Jr., appeals from the order entered June 26, 2019, in the Luzerne County Court of Common Pleas, granting summary judgment in favor of Anna Lui in an underlying possession/ejectment action. On appeal, Zukos contends the trial court erred in dismissing his motion to enforce settlement at the time when the pleadings were completed because the matter was ripe for a determination. **See** Appellant's Brief, at 3. Based on the following, we affirm.

The trial court set forth the facts and procedural history as follows:

[Lui]'s complaint filed on May 18, 2018 alleges an action for possession/ejectment and an action for past due rent/unjust detention. The complaint further alleges that [Lui] purchased a residence with the address 6 Wheatfield Lane, Mountain Top, Pennsylvania at the Luzerne County Sheriff Sale on February 28,

_____

[*] Former Justice specially assigned to the Superior Court.

2018. The deed is recorded in the Luzerne County Deed Book 3018, Page 38219. [Zukos] was the owner of the property prior to sheriff sale and occupies the property. [Zukos] refused to vacate the premises. The complaint further alleged that [Zukos] did not pay money or adequate consideration for his occupation of the premises from February 28, 2018 to the present.

Procedurally, judgment for possession was found in favor of [Lui] on May 2, 2018 and a monetary award in the amount of one thousand six hundred sixty-eight dollars and fifteen cents ($1668.15) was awarded to [Lui] before the magistrate court. On May 11, 2018, [Zukos] appealed the judgment in the Luzerne County Court of Common Pleas. Upon filing the appeal, [Zukos] on May 11, 2018 began paying one thousand five hundred seventy-nine dollars ($1579.00) into escrow. On June 13, 2018, [Lui] filed a praecipe to strike the supersedeas effect from [Zukos's] appeal. On June 17, 2018, an answer and new matter to the complaint was filed by [Zukos].[1] On June 25, 2018, [Zukos] filed a motion to reinstate supersedeas and to stay removal from property.

On June 25, 2018, the Honorable Fred A. Pierantoni, III, Luzerne County Court of Common Pleas Court, granted [Zukos's] motion to reinstate supersedeas permitting [Zukos] to remain in the property provided that [he] pay one thousand five hundred seventy-nine dollars ($1579.00) into escrow each month until

---

[1] In his answer, in pertinent part, Zukos averred that he offered, through counsel, to make a payment on a monthly basis of the rental amount, but Lui refused to accept, and that he placed funds in an escrow account, which was identified by the magisterial district judge as the amount being in arrears for rent. **See** Answer and New Matter, 6/17/2018, at ¶¶ 7-9, 19. In his new matter, he pled the affirmative defenses of consent, justification, accord and satisfaction, illegality, estoppel, and failure of consideration. **See id.**, ¶¶ 19-24. Notably, Zukos did not assert a counterclaim for breach of contract against Lui, and the new matter does not allege a breach of contract claim.

On June 25, 2018, Lui filed an answer to Zukos's new matter, alleging she was a bona fide purchaser of the property at issue and holds clean title to the premises. **See** Plaintiff's Answer to Defendant's New Matter, 6/25/2018, at ¶¶ 25-26. While Lui admitted she rejected his offer to lease the property, she asserted that no contract was established nor was any agreement reached. **See id.**, at ¶ 28.

final disposition of the matter. The court further stayed the eviction proceedings.

On June 26, 2018, [Zukos] filed a motion to enforce settlement agreement and brief in support of same. [In his motion, Zukos alleged: (1) that on March 16, 2018, he was provided with notice that Lui wanted to discuss the home with him; (2) two days later, Zukos and his counsel contacted Lui and he confirmed he would purchase the legal title back from the home; (3) Lui confirmed she would sell it back if Zukos paid the full amount due, which is what she paid ($130,000.00) plus all expenses incurred and all expenses that would be due to reconvey title; (4) Zukos agreed to the same and the parties confirmed that he would arrange for financing; and (5) Lui refused to honor the contract and settlement and filed the instant action. ***See*** Motion to Enforce Settlement Agreement, 6/26/2018, at ¶¶ 6-12. Zukos argued oral settlement agreements are enforceable in Pennsylvania, and he was prepared to make payment to Lui. ***See id.***, at 18-24.] After a response and brief was filed,[2] on July 23, 2018, Judge Pierantoni dismissed [Zukos's] motion to enforce settlement agreement *without prejudice* to underlying claim.[3] The court further denied [Lui]'s claim for legal fees.

_____

[2] In her response, Lui admitted she briefly considered reselling the home to Zukos, but alleged she decided not to do so because the parties never agreed upon a price, and consequently, no contract was formed. Additionally, she argued the statute of frauds renders oral contracts for the sale of land unenforceable where specific performance is sought. ***See*** Plaintiff's Answer to Defendant's Motion to Enforce Settlement, 7/5/2018, at ¶¶ 8-23

[3] The miscellaneous judge held a hearing that day to address the motion, particularly on the issue of jurisdiction to proceed in the matter. Zukos alleged that the only remedy to enforce the settlement agreement was before the judge, and this was a collateral issue to the underlying claims. Lui argued that the underlying action was an arbitration level eviction case, the requested value of relief that Zukos sought exceeded arbitrational limits, and that he should be required to file a separate action for breach of contract. The court's finding focused on Zukos's request in light of the fact that a jury trial had been demanded, and that he was seeking to have a contract enforced with a sale of real estate involved over $100,000.00. ***See*** N.T., 7/23/2018, at 2-9.

On June 26, 2018, the case was certified for a Luzerne County arbitration panel pursuant to Pa.R.C.P. 1301, *et seq*. On August 8, 2018, Wen Hui Zie[4] was added to the action as a plaintiff after [Lui] petitioned the court to join an additional plaintiff.

On November 1, 2018, a Luzerne County arbitration panel found in favor of the plaintiffs ordering [Zukos] to pay three thousand one hundred fifty-eight dollars ($3158.00) for unpaid rent and ordering that [Zukos] vacate the premises within sixty (60) days of the date of the order and continue to pay $1579 per month for rent until [Zukos] vacates the premises. The arbitration panel further awarded [Zukos] to pay the court costs. On November 30, 2018, [Zukos] appealed the arbitration award.

On January 3, 2019, the court held a status/scheduling hearing wherein dates were assigned for discovery, dispositive motions and a jury trial was scheduled for September 12, 2019. On February 20, 2019, the plaintiffs filed a motion for summary judgment and brief in support of same.[5] After a response was filed by [Zukos],[6] oral argument was held on the motion for summary

_____

[4] Based on Zukos's February 7, 2019, deposition testimony, it appears that Zie is Lui's husband. **See** Plaintiff's Motion for Summary Judgment, 2/20/2019, Exhibit C (Deposition Transcript of Stanley J. Zukos), at 16. Collectively, we treat Lui and Zie as "the Plaintiffs." It merits mention Zie is not a party to this appeal.

[5] In their motion for summary judgment, the Plaintiffs argued Zukos did not possess any valid defenses to an ejectment or eviction action, and the statute of frauds rendered any notion of an oral agreement between the parties as unenforceable. **See** Plaintiff's Motion for Summary Judgment, 2/20/2019, at 13-22.

[6] In his response, Zukos averred Lui had orally agreed to transfer the deed to him, and she subsequently refused to transfer the property. He states:

The nature of that agreement is clearly in a factual dispute. [Zukos] was to remain in the premises and pay monthly rent of which he had paid, until such time as [he] reimbursed [Lui] for costs incurred and the purchase price, as a settlement of litigation to evict him. Once paid, [Lui] would re-convey [Zukos's] property back to him. The only issue was [Lui] gathering all costs incurred

judgment on March 29, 2019. On June 26, 2019, the motion for summary judgment was granted awarding possession to the plaintiffs.

Trial Court Opinion, 11/19/2019, at 4-6 (italics in original; some capitalization removed). This appeal followed.

Preliminarily, we note that on August 23, 2019, Zukos filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925, raising issues that concerned the dismissal of his motion to enforce the settlement agreement and the court's granting of the motion for summary judgment. On September 23rd, this Court dismissed his appeal for failure to comply with Pa.R.A.P. 3517. Zukos then filed a motion to reinstate the appeal, which was granted on October 7, 2019.

In preparation to draft its opinion, the trial court could not find a request for transcript or a filed transcript. The court then issued an order, indicating Zukos failed to file a motion for transcripts and ordered that he comply with

---

and providing it back to [Zukos]. In all respects, the agreement was confirmed.

Defendant's Answer to Plaintiff's Motion for Summary Judgment, 3/25/2019, at ¶ 15.

He further claimed the agreement was for the settlement of litigation, and not for the sale of real property, and consequently, the statute of frauds was not applicable. **See id.**, at ¶ 15. In the alternative, Zukos alleged that if the statute of frauds applied, the present action constituted an exception because he was in actual, open, notorious, and continuous possession of the property. **See** Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, at ¶ 11.

the appellate rules. Zukos filed a request, but limited it to the July 23, 2018 argument regarding his motion to enforce settlement. On October 21, 2019, the assigned court reporter sent an email to Zukos's counsel indicating that he was awaiting a deposit for the requested transcript. Additionally, the court later received correspondence from Lui's counsel directed to counsel for Zukos requesting that the transcript for the motion for summary judgment be included in the reproduced record.

The court reporter notified the court that Zukos did not request the transcript of the hearing on the motion for summary judgment. At that time when the court drafted its opinion, it still had not received any transcripts to include in its review. To this date, Zukos has not filed a motion for transcripts as required by Pa.R.A.P. 1911(a).

> [T]he Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a).... When the appellant ... fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

*Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (some internal citations omitted). *See also* Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may

- 6 -

take such action as it deems appropriate, which may include dismissal of the appeal.").

On appeal, Zukos contends the trial court committed an error of law by refusing to hold a full evidentiary hearing on his motion to enforce settlement based on a lack of jurisdiction. *See* Appellant's Brief, at 8. He insists the matter never should have proceeded beyond the motion proceedings as there was a factual dispute regarding the existence of a settlement. *Id.*, at 7-9. Furthermore, he claims:

> It is understood that [the trial court], in [its] opinion, claims that because the proceedings for the motion to enforce settlement were dismissed "without prejudice", Zukos had a right and opportunity to refile the same, which he did not do. Unfortunately, the nature of Judge Pierantoni's dismissal related to "jurisdiction" because it was an alleged landlord/tenant matter entitled to arbitration only, put Zukos in a position that he would not have the right to a hearing at any time during this litigation. In fact, Lui actually argued that if Zukos felt that there was a breach of a settlement agreement, he should have filed it [under] a new breach of contract action.

*Id.*, at 10 (reproduced record omitted; some capitalization removed). Lastly, Zukos asserts he will not intentionally defend Lui's argument concerning the statute of frauds due to the fact that the court failed to hold a full evidentiary hearing on his motion. *Id.*, at 13. Zukos's argument fails for several reasons.

First, because Zukos's challenge concerns whether the court held a full hearing on his motion to enforce settlement and its corresponding findings made at the hearing, we find adequate appellate review is not possible without the July 23, 2019 hearing transcript. Pursuant to Pa.R.A.P. 1911(a), Zukos

- 7 -

was required to pay for any transcript necessary to permit the resolution of the issues he raises on appeal. As indicated above, Zukos was on notice by both the trial court and the court reporter that he had not paid for the transcript to be transcribed and that the transcript was never filed. His failure to adhere to the requirements of Rule 1911 results in the waiver of this issue for the purpose of appellate review. **See Preston**, 904 A.2d at 7.

In any event, Zukos's underlying defense argument, central to this litigation, is unavailing. Not only does Zukos attempt to distract this Court with an emphasis on his motion to enforce settlement and lack of a full hearing, he also characterizes the agreement at issue as a settlement of litigation rather than a property contract.

We are unpersuaded. We note that in his motion, and subsequent pleadings, Zukos maintained that in March of 2018, the parties entered into a verbal agreement as to the property in dispute, and therefore, he is in rightful possession of the home. Lui denied the existence of an oral contract. Accordingly, the agreement is subject to the Statute of Frauds despite the fact that it also allegedly is a settlement agreement. **See Firetree, Ltd. V. Dept. of Gen. Svcs.**, 978 A.2d 1067, 1074 (Pa. Cmwlth. 2009).[7]

---

[7] While opinions of the Commonwealth Court are not binding on this Court, we may accept them for their persuasive value. **See Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010). In this instance, we find the reasoning in **Firetree** persuasive and an accurate application of Pennsylvania law.

Our standard of review regarding motions for summary judgment are

well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

**QBE Ins. Corp. v. M & S Landis Corp.**, 915 A.2d 1222, 1225 (Pa. Super.

2007).

Because the matter before us concerns a property agreement, we are

guided by the following:

> The [S]tatute of [F]rauds[8] directs that agreements for the sale of real estate shall not be enforced unless they are in writing and signed by the seller. The purpose of the statute is to prevent perjury and fraudulent claims. The Statute of Frauds does not void those oral contracts relating to land which fail to comply with the Statute's formal requirements. It is to be used as a shield and not as a sword, as it was designed to prevent frauds, not to encourage them. Therefore, even though an oral contract for the sale of real estate may not be specifically enforced, it may form the basis for an action to recover damages.

**Empire Props., Inc. v. Equireal, Inc**., 674 A.2d 297, 302 (Pa. Super. 1996)

(internal citation, quotations, and footnote omitted). "[The Statute of Frauds]

is not a mere rule of evidence, but a declaration of public policy. In the absence

---

[8] **See** 33 P.S. § 1.

of equities sufficient of themselves to take the case out of the statute, it operates as a limitation upon judicial authority to afford a remedy unless renounced or waived by the party entitled to claim its protection." ***Kurland v. Stolker***, 533 A.2d 1370, 1372 (Pa. 1987) (citation omitted).

However, there is an exception to the general rule regarding oral contracts for the sale of real property. In ***Kurland***, the Pennsylvania Supreme Court explained that in order to satisfy the exception, a party seeking to enforce the oral agreement must establish the following:

> The terms of the contract must be shown by full, complete, and satisfactory proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and, at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust.
>
> …
>
> The "indubitable proof" a claimant is required to proffer is evidence that should not only be found credible, but of such weight and directness as to make out the facts alleged *beyond a doubt.* As the alleged contract is not between parent and child, it may be proven by the acts and declarations of the parties, either together or separately. The acts and declarations relied upon, must not, however, be of an equivocal character; they must have such clearness and directness as will leave no doubt as to their meaning and purpose.

***Kurland***, 533 A.2d at 1373 (citations omitted).

Here, the trial court found the following:

[Zukos's] deposition transcript does not support the existence of an oral contract supporting an exception to the Statute of Frauds requirements. When [Zukos] was asked what facts he believes justify his remaining on the property, [Zukos] replied

A. I have been a resident there for more than 32 years. I basically had communication, as did [counsel for Zukos], with Wells Fargo, and they did not follow through on calls that both I and [counsel] made to them concerning the regaining of the property by me.

Q. Just so it's clear for the record, it pertains to the eviction and ejection action that [Lui] has filed. Is your bases (*sic*) for challenging that that the Wells Fargo did not act properly, am I correct in saying that?

A. Yes.

Q. You have no other factors to justify why you should remain in the property besides that

A. Correct.

[Zukos] testified that he witnessed a telephone conversation between his attorney and [Lui], to which he was not a party:

A. The purchase price of the house, the. (*sic*) what she was willing to do, and all related costs that had occurred in her purchasing the house, as well as any financial costs that would be incurred of me retaking the house.

Q. Okay. Did you sign any documents pertaining to the sale of this house between you and Miss L[ui]?

A. There were no documents signed.

[Zukos] further testified:

Q. Have you ever entered into a lease agreement with Ms. L[ui] is my question.

A. No.

Q. Have you ever entered into a lease agreement with Mr. Zie?

A. No. I've never spoken to the man.

Although [Zukos] avers that the parties reached an agreement with regard to settling the litigation which included that [Zukos] would re-acquire title to the property on March 18, 2018, the testimony of record as addressed above reflects that if there was an agreement, it appears to be a phone conversation between [Zukos's] counsel and [Lui]. Importantly, a follow up letter from [Zukos's] counsel to [Lui] summarizing the alleged telephone conversation or agreement does not exist. [Zukos's] only knowledge as to the alleged agreement is the phone conversation he overheard where the agreement was formulated.

[Zukos] argues that in accordance with the **Kurland** case, the fact that [Zukos's] possession has been exclusive, continuous and maintained in that he has been paying rent to the Prothonotary's Office makes it an exception to the Statute of Frauds. The Supreme Court opined in **Kurland**, that the "demand for specific performance was bold. To execute a parol contract against an express statute is the exercise of a large power; to execute it without competent proof of its existence, without the established test of its past execution, is a wild stretch of authority, which no court of law or equity ought to make." **Id.** at 1376. Summary judgment was properly granted in the case at bar as a right for execution of the alleged oral agreement was "simply too weak" for the Court's consideration. **Kurland**, [s]**upra**.

Trial Court Opinion, 11/19/2019, at 11-13 (record citations omitted).

We agree with the court's well-reasoned analysis. We cannot review Zukos's self-serving allegations and infer that the terms of the contract at issue were "shown by full, complete, and satisfactory proof." **Kurland**, 533 A.2d at 1373.

Moreover, other than asserting that his possession has been exclusive, continuous and maintained, his argument did not address all the factors

- 12 -

identified in *Kurland* as necessary to establishing a transfer of real property by oral agreement. Of most importance, Zukos's argument did not show performance or part performance which could not be compensated in damages. *See id.* Viewing the record in the light most favorable to Lui, the nonmoving party, there is no evidence demonstrating an actual, finalized agreement between Lui and himself, let alone evidence of "such clearness and directness" that would "leave no doubt" that there was a purported oral agreement between the parties that should be taken out of the Statute of Frauds. *Id.* Accordingly, the underlying argument is without merit, and the trial court did not err in granting Lui's motion for summary judgment.

In a related matter, on April 9, 2020, Zukos filed an emergency petition to extend deadline to remove personal property from real estate based on the COVID-19 pandemic crisis. Zukos had previously sought relief with the trial court, which denied his petition on March 31, 2020.[9] In light of our disposition and the trial court's order, we deny Zukos's request for relief.

---

[9] In its order, the court indicated that Zukos was evicted from the residence and Lui took possession on February 18, 2020. Zukos was then given 30 days, or until March 19, 2020 to remove his personal belongings pursuant to Section 250.505(a) of the Pennsylvania Landlord Tenant Act. However, as of the date of the order, Zukos had not secured a residence nor did he rent a storage unit for his belongings. The court noted that the matter identified in the emergency petition did not involve an eviction action.

Order granting summary judgment affirmed. Appellant's Emergency Petition to Extend Deadline to Remove Personal Property from Real Estate denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/27/2020